IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALICE BURTON,

                Plaintiff,                ORDER

v.

DAVID L. ANDERSON,                12-cv-74-bbc
d/b/a ANDERSON SCRAP
METAL, CYNTHIA R. PINDER
and ESTELLE B. ANDERSON,

                Defendants.

---

On January 2, 2012 this case was removed to this court from Polk County Circuit Court under 28 U.S.C. § 1332. On February 2, 2012 defendants filed an answer to plaintiff's complaint. Thereafter, a telephone pretrial conference was scheduled for March 7, 2012 at 1:30 p.m., with plaintiff to initiate the call the chambers. Plaintiff did not contact the court at the scheduled time. Defense counsel contacted plaintiff, who stated she did not receive notice of the preliminary pretrial conference and indicated that she was not able to participate in the phone call at this time.

Plaintiff is advised that another telephone preliminary pretrial conference is scheduled in this case on March 28, 2012 at 1:30 p.m. Plaintiff is to call chambers at (608) 264-5153. Once plaintiff's call has been received, the court will then include counsel for defendants into the conference call. For plaintiff's information, I am attaching to this order a copy of the court's Notice Regarding Telephone Preliminary Pretrial Conference.

If plaintiff fails to contact the court on March 28, 2012, at 1:30 p.m. she should know that her case may be dismissed under Fed. R. Civ. P. 41(b). Under that rule, a court may dismiss an action for a plaintiff's failure to prosecute and the dismissal will operate as an adjudication

upon the merits. In other words, plaintiff will be barred from raising the same claim against the same defendant in a future lawsuit.

The Court of Appeals for the Seventh Circuit has identified several criteria that a district court should consider before dismissing a case for failure to prosecute. Among them are: 1) the frequency and magnitude of the plaintiff's missed deadlines; 2) the effect of the delay on the court's schedule; 3) the prejudice to other litigants; and 4) the possible merits of the lawsuit. Williams v. Chicago Board of Education, 155 F.3d at 853, 857 (7th Cir. 1998). In addition, the Seventh Circuit requires that "an explicit warning" be provided before a lawsuit is dismissed for the failure to prosecute. See Id. (quoting Ball v. City of Chicago, 2 F.3d 752, 755 (7th Cir. 1993)). Because dismissal with prejudice pursuant to Rule 41(b) for failure to prosecute is a "harsh penalty" that is appropriate "only in extreme circumstances," Palmer v. City of Decatur, 814 F.2d 426, 428 (7th Cir. 1987). Plaintiff should consider this her warning.

ORDER

It is ORDERED that a telephone preliminary pretrial conference is scheduled in this case on March 28, 2012 at 1:30 p.m.

Entered this 16th day of March, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge