IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALICE BURTON,

                              Plaintiff,                        ORDER

     v.

                                                              12-cv-74-bbc

DAVID L. ANDERSON,
d/b/a ANDERSON SCRAP METAL,
CYNTHIA R. PINDER
and ESTELLE B. ANDERSON,

                              Defendants.

---

        On January 2, 2012, this case was removed to this court from Polk County Circuit Court under 28 U.S.C. § 1332. On March 28, 2012 this court held a telephonic pretrial conference. Now plaintiff has filed a letter which she says is her motion for summary judgment. I will deny this motion without prejudice because the court cannot consider it to be an actual summary judgment motion: plaintiff failed to follow the procedures as outlined in the *Procedure To Be Followed On Motions For Summary Judgment*. This procedure was included with the March 29 pretrial conference order and I will include a copy of the procedure along with this order. Plaintiff should pay particular attention to those parts of the procedure that require her to submit proposed findings of fact in support of her motion and point to admissible evidence in the record to support each factual proposition.

        Plaintiff is free to renew her motion as an actual summary judgment motion at any time up to the October 12, 2012 deadline, but she must be sure that any such motion and all accompanying submissions comply with the court's procedure to be followed on motions for summary judgment.

ORDER

IT IS ORDERED that plaintiff Alice Burton's motion styled as a motion for partial summary judgment is DENIED without prejudice to her refiling a motion in accordance with the procedures that are outlined in the pretrial conference order.

Entered this 4th day of May, 2012.

                              BY THE COURT:

                              /s/

                              STEPHEN L. CROCKER
                              Magistrate Judge

# HELPFUL TIPS FOR FILING
# A SUMMARY JUDGMENT MOTION

Please read the attached directions carefully – doing so will save your time and the court's.

**REMEMBER:**

     1. <u>All</u> facts necessary to sustain a party's position on a motion for summary judgment must be explicitly proposed as findings of fact. This includes facts establishing jurisdiction. (Think of your proposed findings of fact as telling a story to someone who knows nothing of the controversy.)

     2. The court will not search the record for factual evidence. Even if there is evidence in the record to support your position on summary judgment, if you do not propose a finding of fact with the proper citation, the court will not consider that evidence when deciding the motion.

     3. A fact properly proposed by one side will be accepted by the court as undisputed unless the other side properly responds to the proposed fact and establishes that it is in dispute.

     4. Your brief is the place to make your legal argument, not to restate the facts. When you finish it, check it over with a fine tooth comb to be sure you haven't relied upon or assumed any facts in making your legal argument that you failed to include in the separate document setting out your proposed findings of fact.

     5. A chart listing the documents to be filed by the deadlines set by the court for briefing motions for summary judgment or cross-motions for summary judgment is printed on the last page of the procedures.

Revised March 2006

MEMORANDUM TO PRO SE LITIGANTS
REGARDING SUMMARY JUDGMENT MOTIONS

This court expects all litigants, including persons representing themselves, to follow this court's Procedures to be Followed on Motions for Summary Judgment. If a party does not follow the procedures, there will be no second chance to do so. Therefore, PAY ATTENTION to the following list of mistakes pro se plaintiffs tend to make when they oppose a defendant's motion for summary judgment:

- Problem: The plaintiff does not answer the defendant's proposed facts correctly.

    Solution: To answer correctly, a plaintiff must file a document titled "Response to Defendant's Proposed Findings of Fact." In this document, the plaintiff must answer each numbered fact that the defendant proposes, using separate paragraphs that have the same numbers as defendant's paragraphs. See Procedure II.D. If plaintiff does not object to a fact that the defendant proposes, he should answer, "No dispute."

- Problem: The plaintiff submits his own set of proposed facts without answering the defendant's facts.

    Solution: Procedure II.B. allows a plaintiff to file his own set of proposed facts in response to a defendant's motion ONLY if he thinks he needs additional facts to prove his claim.

- Problem: The plaintiff does not tell the court and the defendant where there is evidence in the record to support his version of a fact.

    Solution: Plaintiff must pay attention to Procedure II.D.2., which tells him how to dispute a fact proposed by the defendant. Also, he should pay attention to Procedure I.B.2., which explains how a new proposed fact should be written.

- Problem: The plaintiff supports a fact with an exhibit that the court cannot accept as evidence because it is not authenticated.

<u>Solution</u>:  Procedure I.C. explains what may be submitted as evidence.  A copy of a document will not be accepted as evidence unless it is authenticated. That means that the plaintiff or someone else who has personal knowledge what the document is must declare under penalty of perjury in a separate affidavit that the document is a true and correct copy of what it appears to be. For example, if plaintiff wants to support a proposed fact with evidence that he received a conduct report, he must submit a copy of the conduct report, together with an affidavit in which he declares under penalty of perjury that the copy is a true and unaltered copy of the conduct report he received on such and such a date.

<u>NOTE</u> <u>WELL</u>:  If a party fails to respond to a fact proposed by the opposing party, the court will accept the opposing party's proposed fact as undisputed.  If a party's response to any proposed fact does not comply with the court's procedures or cites evidence that is not admissible, the court will take the opposing party's factual statement as true and undisputed.  You'll find additional tips for making sure that your submissions comply with the court's procedures on page 8 of this packet.

Revised March 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PROCEDURE TO BE FOLLOWED ON MOTIONS FOR SUMMARY JUDGMENT

I.  MOTION FOR SUMMARY JUDGMENT

A.  Contents:

1.  A motion, together with such materials permitted by Rule 56(e) as the moving party may wish to serve and file; and

2.  In a separate document, a statement of proposed findings of fact or a stipulation of fact between or among the parties to the action, or both; and

3.  Evidentiary materials (see I.C.); and

4.  A supporting brief.

B.  Rules Regarding Proposed Findings of Fact:

1.  Each fact must be proposed in a separate, numbered paragraph, limited as nearly as possible to a single factual proposition.

2.  Each factual proposition must be followed by a reference to evidence supporting the proposed fact. The citation must make it clear where in the record the evidence is located. If a party is citing an affidavit of a witness who has submitted multiple affidavits or the deposition of a witness who has been deposed multiple times, that party should include the date the cited document was filed with the court. For example,

> 1. Plaintiff Smith bought six Holstein calves on
> July 11, 2006. Harold Smith Affidavit, filed Jan.
> 6, 2007, p.1, ¶ 3.

3.  The statement of proposed findings of fact shall include ALL factual propositions the moving party considers necessary for judgment in the party's favor.  For example, the proposed findings shall include factual statements

Page 8

        relating to jurisdiction, the identity of the parties, the dispute, and the context of the dispute.

    4. The court will not consider facts contained only in a brief.

C. Evidence

    1. As noted in I.B. above, each proposed finding must be supported by admissible evidence. The court will not search the record for evidence. To support a proposed fact, you may use:

        a. Depositions. Give the name of the witness, the date of the deposition, and page of the transcript of cited deposition testimony;

        b. Answers to Interrogatories. State the number of the interrogatory and the party answering it;

        c. Admissions made pursuant to Fed. R. Civ. P. 36. (state the number of the requested admission and the identity of the parties to whom it was directed); or

        d. Other Admissions. The identity of the document, the number of the page, and paragraph of the document in which that admission is made.

        e. Affidavits. The page and paragraph number, the name of the affiant, and the date of the affidavit. (Affidavits must be made by persons who have first hand knowledge and must show that the person making the affidavit is in a position to testify about those facts.)

        f. Documentary evidence that is shown to be true and correct, either by an affidavit or by stipulation of the parties. (State exhibit number, page and paragraph.)

## II. RESPONSE TO MOTION FOR SUMMARY JUDGMENT

A. Contents:

    1. A response to the moving party's proposed finding of fact; <u>and</u>

    2. A brief in opposition to the motion for summary judgment; <u>and</u>

    3. Evidentiary materials (See I.C.)

B.   In addition to responding to the moving party's proposed facts, a responding party may propose its own findings of fact following the procedure in section I.B. and C. above.

   1.   A responding party should file additional proposed findings of fact if it needs them to defeat the motion for summary judgment.

   2.   The purpose of additional proposed findings of fact is to SUPPLEMENT the moving party's proposed findings of fact, not to dispute any facts proposed by the moving party. They do not take the place of responses. Even if the responding party files additional proposed findings of fact, it MUST file a separate response to the moving party's proposed findings of fact.

C.   Unless the responding party puts into dispute a fact proposed by the moving party, the court will conclude that the fact is undisputed.

D.   Rules Regarding Responses to the Moving Party's Proposed Factual Statements:

   1.   Answer each numbered fact proposed by the moving party in separate paragraphs, <u>using the same number</u>.

   2.   If you dispute a proposed fact, state your version of the fact and refer to evidence that supports that version. For example,

   Moving party proposes as a fact:

      "1. Plaintiff Smith purchased six Holstein calves from Dell's Dairy Farm on July 11, 2006. Harold Smith Affidavit, Jan. 6, 2007, p.1, ¶ 3."

   Responding party responds:

      "1. Dispute. The purchase Smith made from Dell's Dairy Farm on July 11, 2006 was for one Black Angus bull  John Dell Affidavit, Feb. 1, 2007, Exh. A."

   3.   The court prefers but does not require that the responding party repeat verbatim the moving party's proposed fact and then respond to it. Using this format for the example above would lead to this response by the responding party:

      "1.  *Plaintiff Smith purchased six Holstein calves from Dell's Dairy Farm on July 11, 2006. Harold Smith Affidavit, Jan. 6, 2007, p.1, ¶ 3.*

      "**Dispute.** The purchase Smith made from Dell's Dairy Farm on July 11, 2006 was for one Black Angus bull." John Dell Affidavit, Feb. 1, 2007, Exh. A."

    4. When a responding party disputes a proposed finding of fact, the response must be limited to those facts necessary to raise a dispute. The court will disregard any new facts that are not directly responsive to the proposed fact. If a responding party believes that more facts are necessary to tell its story, it should include them in its own proposed facts, as discussed in II.B.

E. Evidence

    1. Each fact proposed in disputing a moving party's proposed factual statement and all additional facts proposed by the responding party must be supported by admissible evidence. The court will not search the record for evidence. To support a proposed fact, you may use evidence as described in Procedure I.C.1.a. through f.

    2. The court will not consider any factual propositions made in response to the moving party's proposed facts that are not supported properly and sufficiently by admissible evidence.

### III. REPLY BY MOVING PARTY

A. Contents:

    1. An answer to each numbered factual statement made by the responding party in response to the moving party's proposed findings of fact, together with references to evidentiary materials; and

    2. An answer to each additional numbered factual statement proposed by the responding party under Procedure II.B., if any, together with references to evidentiary materials; and

    3. A reply brief; and

    4. Evidentiary materials (see I.C.)

B. If the responding party has filed additional proposed findings of fact, the moving party should file its response to those proposed facts at the same time as its reply, following the procedure in section II.

C. When the moving party answers the responding party's responses to the moving party's original proposed findings of fact, and answers the responding party's additional proposed findings of fact, the court prefers but does not require that the moving party repeat verbatim the entire sequence associated with each proposed finding of fact so that

reply is a self-contained history of all proposed facts, responses and replies by all parties.

## IV. SUR-REPLY BY RESPONDING PARTY

A responding party shall not file a sur-reply without first obtaining permission from the court. The court only permits sur-replies in rare, unusual situations.

MOTION FOR SUMMARY JUDGMENT

| Deadline 1 (All deadlines appear in the Preliminary Pretrial Conference Order Sent to the Parties Earlier) | Deadline 2 | Deadline 3 |
|---|---|---|
| moving party's motion | | |
| moving party's brief | non-moving party's response brief | moving party's reply brief |
| moving party's proposed findings of fact | non-moving party's response to moving party's proposed findings of fact | moving party's reply to non-moving party's response to moving party's proposed findings of fact |
| | non-moving party's additional proposed findings of fact | moving party's response to non-moving party's additional proposed findings of fact, if any. |

CROSS MOTIONS FOR SUMMARY JUDGMENT

| Deadline 1 (All deadlines appear in the Preliminary Pretrial Conference Order Sent to the Parties Earlier) | Deadline 2 | Deadline 3 |
|---|---|---|
| defendant's motion | | |
| defendant's brief | plaintiff's response brief | defendant's reply brief |
| defendant's proposed findings of fact | plaintiff's response to defendant's proposed findings of fact | defendant's reply to plaintiff's response to defendant's proposed findings of fact |
| plaintiff's motion | | |
| plaintiff's brief | defendant's response brief | plaintiff's reply brief |
| plaintiff's proposed findings of fact | defendant's response to plaintiff's proposed findings of fact | plaintiff's reply to defendant's response to plaintiff's proposed findings of fact |