IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALICE BURTON,

                      Plaintiff,

     v.

DAVID L. ANDERSON, d/b/a ANDERSON SCRAP
METAL, CYNTHIA R. PINDER.,
ESTELLE B. ANDERSON,

                      Defendants.

ORDER

12-cv-74-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant David L. Anderson, Cynthia R. Pinder and Estelle B. Anderson have removed this case from the Circuit Court of Polk County, Wisconsin under 28 U.S.C. §§ 1441 and 1446.  As a basis for federal jurisdiction, defendants rely on 28 U.S.C. § 1332, which requires a showing that plaintiffs are not citizens of the same state as defendant and that the amount in controversy is greater than $75,000.  Unfortunately, neither defendants notice of removal nor plaintiff's complaint contains an adequate allegations to establish diversity of citizenship under § 1332.

      In their notice of removal, defendants allege only that "defendants all reside in Minnesota, while the plaintiff resides in Wisconsin." Dkt. #1, at ¶ 3.  However, it is the citizenship, not the residency of an individual person, that matters for diversity jurisdiction purposes, and it is not clear from defendants' allegations whether they and plaintiff are

1

citizens of the states to which they refer or citizens of other states and merely residing in those states. Heinen v. Northrop Grumman Corp., 671 F.3d 669 (7th Cir. 2012) (notice of removal asserting that plaintiff was "'resident' of Massachusetts and therefore a 'citizen' of that state" was insufficient for diversity jurisdiction purposes). An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). Defendants must provide evidence of their own and plaintiff's domicile.

As the proponent of federal jurisdiction, it is defendants' burden to show that the parties are citizens of different states. Smart v. Local 702 International Brother of Electrical Workers, 562 F.3d 798, 802-03 (7th Cir. 2009). Accordingly, I will give defendant an opportunity to file an amended notice of removal that includes allegations about the citizenship of defendants and plaintiff. 28 U.S.C. § 1653 (defective jurisdictional allegations may be cured); see also McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 654 (7th Cir. 1998) (allowing defendant to file "a proposed amendment to the notice of removal to put the jurisdictional details in the record").

ORDER

It is ORDERED that defendants David Anderson, Cynthia Pinder and Estelle Anderson may have until March 19, 2013, in which to provide this court with verification of the diversity of citizenship between themselves and plaintiff Alice Burton. Failure to do so will

result in remand of this case for lack of subject matter jurisdiction.

Entered this 4th day of February, 2013.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge